FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 22, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JESS RICHARD SMITH,<br><br>Plaintiff,<br><br>v.<br><br>ROY GONZALEZ, LISA MORROW, ROBERT HERZOG, and WASHINGTON DEPARTMENT OF CORRECTIONS,<br><br>Defendant. | NO: 4:17-CV-5082-RMP<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT<br><br>1915(g) |

Before the Court is Plaintiff Jess Richard Smith's First Amended Complaint. ECF No. 25. Plaintiff, a prisoner at the Washington State Penitentiary ("WSP"), is proceeding *pro se* and *in forma pauperis;* Defendants have not been served. Plaintiff seeks $800,000.00, claiming he was denied access to the courts in violation of the First and Fourteenth Amendments.

As a general rule, an amended complaint supersedes the original complaint and renders it without legal effect. *Lacey v. Maricopa County*, 693 F.3d 896, 927

ORDER DISMISSING FIRST AMENDED COMPLAINT ~ 1

(9th Cir. 2012). Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987) (citing *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir. 1981)*,* overruled in part by *Lacey,* 693 F.3d at 928 (any claims voluntarily dismissed are considered to be waived if not repled)). Furthermore, Defendants not named in an amended complaint are no longer defendants in the action. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, Defendants T. Gonzalez, S. Buttice, J. Aiyeku and S. Sundberg have been **TERMINATED** from this action.

## DEPARTMENT OF CORRECTIONS

Plaintiff names the Washington Department of Corrections as a Defendant. As previously advised, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Likewise, "arms of the State" such as the Department of Corrections are not "persons" amenable to suit under 42 U.S.C. § 1983. *Id.* at 70. Therefore, **IT IS ORDERED** that Plaintiff's claim against the Department of Corrections is **DISMISSED WITH PREJUDICE.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff is challenging the legal resources available to him in the WSP law library. He complains that the Lexis computer research station does not provide

out-of-state appellate court decisions. He avers that Defendant Roy Gonzalez investigated his level II grievance regarding the inadequacy of the law library, but refused to provide out-of-state appellate decisions. He complains that Defendant Robert Herzog agreed with Defendant Gonzalez's decision in response to Plaintiff's level III grievance appeal.

Plaintiff asserts that Defendant Lisa Morrow is the WSP law librarian who responded to Plaintiff's level one grievance stating that, "WDOC provides all mandatory publications as required." Plaintiff argues that he has made repeated requests for relevant out-of-state legal research which he contends is necessary for his current and pending litigation.

Plaintiff is asserting, in part, that the three named Defendants responded to his grievances. However, the existence of an administrative remedy process does not create any substantive rights and mere dissatisfaction with the remedy process or its results cannot, without more, support a claim for relief for violation of a constitutional right, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988). The failure of prison officials to respond to or process a particular grievance does not violate the Constitution. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991); *see also Baltoski v. Pretorius*, 291 F.Supp.2d 807, 811 (N.D.Ind. 2003) ("[t]he right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed

any response, from state officials"). Plaintiff's allegations regarding the processing of his grievances against Defendants Herzog, Gonzalez, and Morrow fail to state a claim upon which relief may be granted.

To the extent Plaintiff is challenging a policy regarding prisoners' access to legal resources, he has failed to present any facts from which the Court could infer that the implementation of such a policy resulted in a violation of his constitutionally protected rights.

Prisoners have a constitutional right of meaningful access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). There is, however, no independent right of access to a law library or legal assistance. *Id.* at 350–51. An inmate cannot make out a claim "simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense." *Id.* at 351.

A prison "need not provide its inmates with a library that results in the best possible access to the courts." *Lindquist v. Idaho State Bd. Of Corrs.*, 776 F.2d 851, 856 (9th Cir. 1985); *Phillips v. Hust*, 588 F.3d 652, 656 (9th Cir. 2009) ("[W]hat *Bounds* [*v. Smith*, 430 U.S. 817 (1977)] required was that the resources meet minimum constitutional standards sufficient to provide meaningful, though perhaps not 'ideal,' access to the courts."). An inmate must demonstrate that any "alleged shortcomings in the prison library or legal assistance program have

hindered, or are presently hindering, his efforts to pursue a nonfrivolous legal claim." *Lewis*, 518 U.S. at 352.

To establish a violation of their right, prisoners must demonstrate "actual injury" in their attempt to challenge either their sentences or conditions of confinement. *Lewis,* 518 U.S. at 354–55. "Actual injury is some specific instance in which an inmate was actually denied access to the courts." *See Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994) (internal quotations omitted). Plaintiff has not made this showing.

Plaintiff indicates that he is currently litigating a Personal Restraint Petition ("PRP") in the Washington appellate courts regarding a 2016 prison disciplinary hearing.[1] In that litigation, Plaintiff is arguing that there should be a favorable evidence requirement under *Brady v. Maryland¸* 373 U.S. 83 (1963), at prison disciplinary hearings. ECF No. 25 at 7. He complains that, due to limited legal

---

[1] Plaintiff attaches a copy of the Order of Dismissal issued by the Washington State Court of Appeals, Division I, on December 27, 2017. ECF No. 25 at 34–40. This was more than six months after Plaintiff submitted his initial complaint in this action on June 16, 2017, ECF No. 1. Plaintiff would be free to continue to challenge his disciplinary hearing in the Washington Supreme Court and by means of a federal habeas petition.

ORDER DISMISSING FIRST AMENDED COMPLAINT ~ 5

resources, he was "unable to research out of state applicable case law, related to his PRP, that was considered and denied by the Washington Court of Appeals, Division One," and he was "unable to create a conflict in the court of Appeals, between an out of state Appellate Court and the Division One Court of Appeals." *Id.*

The parameters of procedural due process in prison disciplinary hearings is set forth in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Wolff* held that "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Id.* at 556. Under *Wolff,* prison officials are required to provide 24–hour "advance written notice" of the charges, allow a prisoner to "present documentary evidence in his defense" if doing so is not "unduly hazardous to institutional safety or correctional goals," and issue a "written statement of the factfinders as to the evidence relied upon" in finding him guilty. *Id.* at 563–66 (noting that "there must be mutual accommodation between institutional needs and objectives" and due process).

*Wolff* did not hold that due process affords a prisoner the right to receive all material, favorable evidence. *See* 418 U.S. at 564, 566, 568, and 570. Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 455

(1985). Here, Plaintiffs' allegations do not undermine that there was "some evidence" to convict him of the unspecified disciplinary infractions.[2]

Plaintiff complains that he was unable to support an argument for the extension of *Brady* to prison disciplinary hearings with case law from other states. He admits, however, that he presented three out-of-state decisions in his opening PRP brief. ECF No. 25 at 18. Plaintiff then complains that he was unable to research those cases further due to the limitations of the legal computer research station. He contends that, because he was unable to "create a conflict," his PRP was denied. *Id.* at 19. He argues that he should have been afforded the

---

[2] According to the attached Order of Dismissal the infractions included: (1) possessing, manufacturing, or introducing any firearm, weapon, sharpened instrument, knife, or poison, or any component thereof (602); (2) attempting to commit an aggravated assault against another offender (633); (3) possessing, or receiving a positive test for use of, an unauthorized drug, alcohol, or intoxicating substance (752); and (4) threatening another with bodily harm or with any offense against any person or property (506). ECF No. 25 at 35. He was sanctioned with five days lost earned time, based on "staff testimony and the physical evidence, including photographs of the weapons and the positive test for Spice [a synthetic marijuana]." *Id.*

opportunity to bolster his arguments because the Washington appellate courts have relied on out-of-state appellate decisions when reaching decisions on state law. *Id.*

The Court takes judicial notice of the fact that the Washington appellate court, in addressing Plaintiff's *Brady* argument, did not deny it because Plaintiff had failed to support his legal arguments with case law, but because "Smith [did] not articulate with any specificity how the evidence identified was exculpatory." ECF No. 25 at 39.

Plaintiff has alleged no facts indicating he was "shut out of court," *Lewis*, 518 U.S. at 351. He does not assert that he was unable to comply with technical filing requirements or unable to bring an action at all. *Id.* Plaintiff does not allege that he was unable to present a claim, but only that he was hindered in his ability to litigate that claim effectively due to limited legal resources.

The right of access to the court does not include providing inmates with the ability "to discover grievances and to litigate effectively once in court." *Lewis,* 518 U.S. at 354 (emphasis deleted). Plaintiff has alleged no active interference by prison personnel. *See, e.g., Vigliotto v. Terry*, 873 F.2d 1201, 1202 (9th Cir. 1989) ("[A] defendant is deprived of due process if prison authorities confiscate the transcript of his state court conviction before appeal").

Even if *Brady* were to apply in the prison setting, Plaintiff has failed to present factual allegations regarding evidence that would have exculpated him.

*See e.g. Piggie v. Cotton,* 344 F.3d 674 (7th Cir. 2003). "The mere possibility that an item of undisclosed information might have helped [his] defense, or might have affected the outcome of the [hearing], does not establish 'materiality' in the constitutional sense. *United States v. Agurs*, 427 U.S. 97, 109–110 (1976). The Court cannot infer from the facts presented that any unidentified evidence constituted *Brady* materials or that the failure to disclose them constituted a *Brady* violation warranting the grant of a state PRP. *See United States v. Wilkes*, 662 F.3d 524, 535 (9th Cir. 2011) (*Brady* violation requires showing of prejudice from nondisclosure of evidence).

Plaintiff's broad assertions of speculative injury regarding ongoing state court litigation are insufficient to show actual injury and standing to pursue an access to court claim. *Lewis,* 518 U.S. at 49–55. Although granted the opportunity to do so, Plaintiff has failed to amend his complaint to state a claim upon which relief may be granted. Therefore, **IT IS ORDERED** that the First Amended Complaint, ECF No. 25, is **DISMISSED with prejudice** under 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious

physical injury." 28 U.S.C. § 1915(g).  **Plaintiff is advised to read the statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order, enter Judgment, forward copies to Plaintiff at his last known address, and **CLOSE** the file.  The Clerk of Court is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Corrections Division. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and would lack any arguable basis in law or fact.

**DATED** February 22, 2018.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DISMISSING FIRST AMENDED COMPLAINT ~ 10